IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL DUNHAM, | No.  2:23-CV-2757-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| ALIASGHAR MOHYUDDIN, et al., | |
| Defendants. | |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion for the appointment of counsel, ECF No. 3.

    The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.  In Terrell, the

1

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances to request counsel. Plaintiff's motion requests an attorney because he is legally blind and a vision-impaired inmate. ECF No. 3 at 1. Simply being vision-impaired does not demonstrate an inability to articulate one's claims. Plaintiff, using accommodations, was able to file a coherent complaint. See ECF No. 1. Should Plaintiff be denied accommodations, he may re-file his request. Further, Plaintiff did not even attempt to demonstrate a likelihood of success on the merits. At this early stage of litigation before discovery and dispositive motions, the Plaintiff has not met his burden of showing he will likely succeed on the merits of his case.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the appointment of counsel, ECF No. 3, is DENIED.

Dated:  December 13, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE