IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL DUNHAM, | No. 2:23-CV-2757-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| ALIASGHAR MOHYUDDIN, et al., | |
| Defendants. | |

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's renewed motion for the appointment of counsel, ECF No. 13. Plaintiff's prior motion was denied on December 13, 2023, ECF No. 9.

       The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. As with his prior motion, Plaintiff states that he requires the assistance of counsel because he is indigent, incarcerated, and is vision impaired. Plaintiff states that he has requested prison accommodation to use a headband magnifier. A review of the docket reflects that, despite Plaintiff's vision impairment, he has been able to file documents and has presented the Court with a complaint stating cognizable claims. Further, as outlined in the Court's January 16, 2024, order directing service of the complaint, Plaintiff's claims are neither legally nor factually complex. Finally, at this early stage of the proceedings before an answer has been filed or any discovery conducted, the Court cannot say that Plaintiff has demonstrated any particular likelihood of success on the merits.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's renewed request for the appointment of counsel, ECF No.13, is denied.

Dated: March 11, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE