IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL DUNHAM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ALIASGHAR MOHYUDDIN, et al.,<br><br>　　　　Defendants. | No. 2:23-CV-2757-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's third motion for the appointment of counsel, ECF No. 25. Plaintiff's two prior motion were denied on December 13, 2023, ECF No. 9, and March 11, 2024, ECF No. 19. Also before the Court is Plaintiff's motion directing Defendants to respond to Plaintiff's complaint, ECF No. 21.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the

complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.  In Terrell, the Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances.  As with his prior motions, Plaintiff states that he requires the assistance of counsel to pursue discovery because he is indigent, incarcerated, and is vision impaired.  A review of the docket reflects that, despite Plaintiff's vision impairment, he has been able to file documents and has presented the Court with a complaint stating potentially cognizable claims.  Further, as outlined in the Court's January 16, 2024, order directing service of the complaint, Plaintiff's claims are neither legally nor factually complex.  Finally, at this early stage of the proceedings before an answer has been filed or any discovery conducted, the Court cannot say that Plaintiff has demonstrated any particular likelihood of success on the merits.

To the extent Plaintiff seeks permission from the Court to engage in discovery in this action, the request is premature.  Currently pending is Defendants' motion to partially dismiss, which will be addressed separately.  Once that motion is resolved, the Court will issue a discovery and scheduling order.

Plaintiff also asks the Court to direct Defendants to respond to the complaint.  This request, filed on March 11, 2024, has been rendered moot because Defendants responded to the complaint with the pending motion to partially dismiss, filed on April 8, 2024.  Following resolution of that motion, Defendants will be directed to file an answer.

///

///

///

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's renewed request for the appointment of counsel, ECF No. 25, is denied.

2. Plaintiff's request for the Court to permit discovery, ECF No. 25, is denied as premature.

3. Plaintiff's motion for the Court to direct Defendants to respond to the complaint, ECF No. 21, is denied as moot.

Dated: September 24, 2024

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE